# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

ROBIN HIATT and CHANDA HIATT,

    Plaintiffs,

vs.

REBEL AUCTION COMPANY, INC. and LARRY DAVIS,

    Defendants.

CV 213-020

## ORDER

Presently before the Court is Defendants Rebel Auction Co. Inc. and Larry Davis's Motion for Summary Judgment (Dkt. no. 62). Upon consideration of the briefs and oral argument heard December 17, 2014, the Court finds that factual issues remain as to Defendants' liability for Plaintiffs' injuries. For reasons stated below, Defendants' Motion is **DENIED**.

## FACTUAL BACKGROUND

The following facts are viewed in the light most favorable to Plaintiffs, as non-movants.

Defendants own and operate an auction company specializing in mobile equipment and vehicles. On December 8, 2011, Plaintiff

Robin Hiatt attended one of Defendants' auctions. Dkt. no. 70 ("Hiatt Dep."), 32:9-14. As Plaintiff was in the business of buying and selling heavy equipment, he had previously attended and purchased equipment at Defendants' auctions. Id. at 16:3-13; 29:24-30:3. On December 8, Plaintiff secured the winning bid on a mini excavator. Id. at 35:4-8.

Plaintiff claims he was then told by one of Defendants' employees, an auction cashier, to go into the area where equipment is driven after auction to locate his purchased equipment. Id. at 35:22-36:1. It was night, but the post-sale area was lit by commercial outdoor lighting. Dkt. no. 67 ("Davis Dep."), 10:10-12:1. Plaintiff walked between two rows of heavy equipment to look for his purchased excavator. Hiatt Dep. 36:6-10. While searching for his equipment, something hit Plaintiff and knocked him twenty feet from where he had been standing. Id. at 36:6-38:2. The blow literally knocked him out of one of his shoes. Id. Plaintiff claims that someone then came up to him and said "I'm sorry. I'm sorry. I'm going to get help." Id. Plaintiff lay on the ground for several minutes before anyone came to his aid. Id. Plaintiff says that, at the scene, a large excavator was partially pulled out of its row and the boom of the excavator bucket was pointed in his direction. Id. Also, his shoe was found at the end of the boom. Id. Based on these facts, Plaintiff believes someone negligently operated the excavator

AO 72A
(Rev. 8/82)

when he was walking by and hit him with the boom, causing him severe injuries.

## LEGAL STANDARD

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." FindWhat Investor Grp. v. FindWhat.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). A dispute over such a fact is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. In making this determination, the court is to view all of the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant must show the court that there is an absence of evidence to support the nonmoving party's case. Id. at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and

AO 72A
(Rev. 8/82)

present affirmative evidence to show that a genuine issue of fact does exist. Anderson, 477 U.S. at 257.

For premises liability cases in Georgia, "the 'routine' issues of premises liability, i.e., the negligence of the defendant and the plaintiff, and the plaintiff's lack of ordinary care for personal safety are generally not susceptible of summary adjudication, and [] summary judgment is granted only when the evidence is plain, palpable, and undisputed." Robinson v. Kroger Co., 493 S.E.2d 403, 414 (Ga. 1997).

## ANALYSIS

Plaintiff's claims are based on Ga. Code. Ann. § 51-3-1, which provides,

> Where an owner or occupier of land, by express or implied invitation induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe.

Ga. Code. Ann. § 51-3-1. In Georgia, "the basis of an owner/occupier's liability to an invitee injured on the premises is the owner/occupier's superior knowledge of the condition that subjected the invitee to an unreasonable risk of harm." Bartlett v. McDonough Bedding Co., 722 S.E.2d 380, 382 (Ga. Ct. App. 2012). However, "an invitee must exercise ordinary care to avoid the consequences of any such negligence on the part of an

AO 72A
(Rev. 8/82)

owner/occupier, and the failure to do so bars an invitee's recovery against the owner/occupier." Id.

Defendants argue that Plaintiff Robin Hiatt failed to exercise ordinary care when he willingly walked between rows of heavy equipment at night while the auction was underway, and that this lack of care caused him to run into or be hit by the plainly visible boom of the excavator. However, Plaintiff's failure to exercise ordinary care is hardly "plain, palpable, and undisputed." Plaintiff testified that he was instructed to procure and load his purchased equipment, and that someone apologized to him after he was hit. A jury could conclude that Plaintiff's injuries were not the result of his failure to exercise ordinary care, but rather were caused by the instructions given to him by Defendants' employee, as well as either the negligent operation of the excavator by one of Defendants' other employees or a third party whom Defendants' negligently failed to keep out of the ostensibly restricted area. Thus, there are material issues of fact as to Defendants' negligence and as to Plaintiff's contributory negligence.

Additionally, there is a question of fact as to whether Defendants had superior knowledge of the possibility that Plaintiff could be injured by the negligent operation of equipment within the restricted area. Evidence in the record shows that Defendants had cordoned off the restricted area and

had instituted unwritten and sporadically enforced rules, such as a prohibition on loading equipment at night, for "safety reasons." A jury could find that these measures show that Defendants had knowledge of the risk that patrons could be injured by others operating the equipment. Whether that knowledge was superior to Plaintiff's is a question of fact for the jury.

## CONCLUSION

For the reasons stated above, the Court finds that material issues of fact remain in the case and bar summary adjudication. As such, Defendants motion for summary judgment is **DENIED**. This case will proceed to trial.

**SO ORDERED**, this 30TH day of December, 2014.

_____
LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA