**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| ROBIN HIATT; and CHANDA HIATT, | |
| Plaintiffs, | CIVIL ACTION NO.: 2:13-CV-20 |
| v. | |
| REBEL AUCTION CO., INC.; LARRY DAVIS; JOHN DOES 1-2; ABC CORPORATIONS 1-2; & VIRGIL MILLER, | |
| Defendants. | |

## O R D E R

This matter came before the Court on August 11, 2015, for a hearing on Defendants' Motion in Limine (doc. 131), Defendants' Objections to Plaintiffs' Request to Charge (doc. 138), Plaintiffs' Objections to Defendants' Request to Charge (doc. 146), and Plaintiffs' Motion to Exclude Defendants' Notice of Apportionment (doc. 143).  For the reasons set forth at the hearing and laid out below, Defendants' Motion in Limine is **GRANTED IN PART AND DENIED IN PART**; Defendants' Objections to Plaintiffs' Request to Charge are **OVERRULED IN PART AND SUSTAINED IN PART**; Plaintiffs' Objections to Defendants' Request to Charge are **OVERRULED IN PART AND SUSTAINED IN PART**; and Plaintiffs' Motion to Exclude Defendants' Notice of Apportionment is **DENIED**.

## BACKGROUND

Plaintiffs filed this personal injury action on February 5, 2013, against Rebel Auction Company, Inc.; Larry Davis; John Does 1 & 2; and ABC Corporations 1 & 2.  (Doc. 1.)  Then, on June 20, 2013, Plaintiffs filed an Amended Complaint adding Defendants Kingstree Auction Company, LLC; Alton E. Brown, Jr.; and Virgil Miller.  (Doc. 27.)  Plaintiffs allege that Plaintiff

Robin Hiatt was hit by the bucket of a large excavator while walking outside the facility of Defendant Rebel Auction Company. (Doc. 1, ¶ 19.) Plaintiffs maintain that Defendant Larry Davis owns and operates Rebel Auction Company, Inc. and that the facility is on Davis' property. (Id. at ¶¶ 2–4, 11.) Plaintiffs stipulated to the dismissal of Defendants Kingstree Auction Company, LLC and Alton E. Brown, Jr. on May 30, 2014. (Docs. 88–89.) However, Defendant Virgil Miller was never served with the Complaint, and Defendants John Does 1 & 2 and ABC Corporations 1 & 2 were never identified, much less served.

On June 29, 2015, the Court held a pretrial conference and set the case for trial commencing on August 18, 2015. (Doc. 137.) Six days before the pretrial conference, Defendants filed a Notice of Apportionment indicating that they would seek to apportion fault to John Does 1 & 2 and ABC Corporations 1 & 2. (Doc. 130.) Defendants and Plaintiffs filed their Requests to Charge on the date of the pretrial conference. (Docs. 133, 136.) Defendants filed their Objections to Plaintiffs' Requests on July 8, 2015, (doc. 138), and Plaintiffs filed their Objections to Defendants' Requests on July 27, 2015, (doc. 146). Additionally, Defendants filed a Motion in Limine on several evidentiary matters on June 23, 2015, (doc. 131), and Plaintiffs filed a Motion to Exclude Defendants' Notice of Apportionment on July 13, 2015, (doc. 143). The Court held a hearing on the parties' Objections and Motions on August 11, 2015. (Doc. 151.)

**DISCUSSION**

**I.      Defendants' Motion in Limine (Doc. 131)**

At the hearing, the parties reached agreements regarding several matters raised in Defendants' Motion in Limine, and Defendants agreed that several matters of basic evidentiary law do not require an order of the Court.  The Court took other matters under advisement.  The Court addresses each matter raised in Defendants' Motion in turn.

**A.  Evidence or Commentary Regarding Defendants' Liability Insurance**

At the hearing, Plaintiffs agreed that they do not intend to offer evidence or make comments regarding Defendants' liability insurance.  Accordingly, this portion of Defendants' Motion is **DENIED AS MOOT**.

**B.  Evidence of Plaintiffs' Own Good Character**

At the hearing, Plaintiffs agreed that they do not oppose Defendants' Motion regarding evidence of Plaintiffs' good character.  Accordingly, this portion of Defendants' Motion is **GRANTED AS UNOPPOSED**.  Additionally, at the hearing, the Court gave the following directions to the parties as to the evidence of Plaintiffs' adopted children.  Plaintiffs may tell the jury that they have children whom they adopted and the names and ages of their children.  However, they should not offer evidence regarding the circumstances of that adoption.  Evidence regarding the circumstances of the adoption would only be offered to bolster Plaintiffs' good character, which the parties agreed is not a proper subject of evidence.

**C.  Asking Jurors to Put Themselves in Plaintiffs' Place**

Plaintiffs' counsel agreed at the hearing that they will not make a "golden rule" argument by asking the jurors to put themselves in Plaintiffs' place.  Accordingly, this portion of Defendants' Motion is **DENIED AS MOOT**.

**D.  Evidence or Commentary Regarding Offers of Compromise**

Plaintiffs agreed at the hearing that they will not offer any evidence regarding offers of compromise.  Accordingly, this portion of Defendants' Motion is **DENIED AS MOOT**.

**E.  Criminal Convictions of Plaintiff Robin Hiatt**

Defendants seek to introduce two prior criminal convictions obtained against Plaintiff Robin Hiatt in the Circuit Court of Patrick County, Virginia.  On May 20, 2008, Mr. Hiatt was convicted, through a guilty plea, of two offenses: possession of a vehicle with a serial number removed or altered in violation of Virginia Code § 46.2-1075, and receiving stolen property in violation of Virginia Code § 18.2-108.  (Doc. 131-2.)  The Virginia court sentenced Mr. Hiatt to three years' incarceration for each offense, for a total punishment of six years.  (Id. at p. 2.)  On July 10, 2009, Mr. Hiatt was convicted of three counts of obtaining money through false pretenses in violation of Virginia Code § 18.2-178.  (Doc. 131-1.)  This conviction was as a result of a plea entered pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).  The Virginia court sentenced Mr. Hiatt to two years' incarceration for each of these offenses, for a total punishment of six years.  (Id. at p. 2.)

Defendants intend to introduce certified copies of Mr. Hiatt's convictions under Federal Rule of Evidence 609.  (Doc. 131, p. 8.)  Rule 609 allows a party to attack a witness's character for truthfulness by evidence of a criminal conviction under certain conditions.  Fed. R. Evid. 609.  In their response brief and at the hearing, Plaintiffs conceded that the fact that Mr. Hiatt's 2009 conviction resulted from an Alford plea does not affect the conviction's admissibility for purposes of impeachment.  (Doc. 139, pp. 3–4 (citing Blohm v. Commissioner, 994 F.2d 1542 (1993)).)  However, Plaintiffs maintain that Mr. Hiatt's convictions may only be introduced "upon a determination by the Court that the underlying elements of the crime constitute a

dishonest act or false statement." (Id.) Additionally, at the hearing, Plaintiffs argued that the Court would have to determine if the probative value of the convictions outweighed their prejudicial effect.

Plaintiffs' arguments misapprehend Rule 609's requirements. If less than ten years have passed since the witness's conviction or release from confinement, and the crime of conviction was punishable by imprisonment for more than one year, the conviction must be admitted in a civil case. Fed. R. Evid. 609(a)(1)(A). The inquiries into whether the elements of the crime include a dishonest act or false statement only apply to those convictions that are not punishable by a term of imprisonment for more than one year. Fed. R. Evid. 609(a)(2). Further, the assessment of whether the probative value of the conviction outweighs it prejudicial effect only applies when more than ten years have passed since the witness's conviction or, in criminal cases, where the witness is the defendant. Fed. R. Evid. 609(a)(1)(B), (b)(1). In this civil case, Mr. Hiatt's convictions are all less than ten years old, and he was sentenced to more than one year imprisonment as to each conviction.[1]

For these reasons, Mr. Hiatt's convictions are admissible for the purposes of impeachment, and Defendants' Motion is **GRANTED**. However, as Defendants agreed at the hearing, these convictions may not be used to show evidence of Mr. Hiatt's character in order to prove that he acted in accordance with that character on a particular occasion. See Fed. R. Evid.

---

[1] It appears that Mr. Hiatt's terms of imprisonment were suspended. (Doc. 131-1, p. 2; Doc. 131-2, p. 2.) However, admissibility under Rule 609(a)(1) hinges on whether the crime was "punishable" by a term of imprisonment for more than one year, not whether the witness actually served such a term. See United States v. Collins, 552 F.2d 243, 247 (8th Cir. 1977) (upholding introduction of conviction with suspended sentence for impeachment); GuideOne Mut. Ins. Co. v. Rock, No. 1:06-CV-218-SA-JAD, 2009 WL 2252206, at *12 (N.D. Miss. July 28, 2009) ("When determining the applicability of Rule 609(a)(1), the Court is to apply the term of imprisonment by which the crime is punishable under state law—not the term that the witness actually served after part of the sentence was suspended.").

404(a).  Defendants also agreed that Plaintiffs may introduce evidence of the circumstances surrounding his convictions.  However, Plaintiffs are forewarned that "a consensus has emerged among courts that a greater inquiry into the essential facts surrounding the conviction is permitted where the witness opened the door to additional inquiry by attempting to 'explain away' the conviction or minimize its significance."  Young v. Donald, No. 605CV104, 2007 WL 4224959, at *1 (S.D. Ga. Nov. 28, 2007) (quoting Tri-State Hosp. Supply, Inc. v. U.S., 471 F.Supp.2d 170, 174 (D.D.C. 2007)).  "So, if one of the witness's convictions can be admitted under the Rule, and he admits his conviction unequivocally, the Court will bar any inquiry into the circumstances of his conviction.  Conversely, quibbling may be costly."  Id.

### F.  Leading Questions

At the hearing, Defendants agreed to withdraw their Motion to prevent counsel from asking leading questions.  Accordingly, that Motion is **DENIED AS MOOT**.

### G.  Redactions to Amended Life Care Plan

In their response brief, and at the hearing, Plaintiffs agreed to redact portions of their expert's life care plan for Mr. Hiatt.  Defendants agreed that these redactions resolved Defendants' objections.  Accordingly, this portion of Plaintiffs' Motion is **GRANTED AS UNOPPOSED**.

## II.    Defendants' Objections to Plaintiffs' Requests to Charge (Doc. 138)

Defendants levied several Objections to Plaintiffs' Requests to Charge.  As laid out below, the parties resolved many of these Objections at the hearing.  Herein, the Court issues rulings on some Objections and reserves others to be determined at trial.  Additionally, the Court provides specific instructions to the parties regarding the revised jury instructions that the parties represented during the hearing that they would provide to the Court.

**A.  Defendants' Objection to Plaintiffs' Request to Charge No. 3**

Plaintiffs request the Eleventh Circuit Pattern Jury Instruction on the use of interrogatories.  Defendants object on the grounds that the pattern instruction charges the jury to consider interrogatory responses as if they were given on the witness stand, while often interrogatory responses are given years before trial.  (Doc. 138, p. 1.)  At the hearing, Plaintiffs responded that this concern should be alleviated by the fact that the parties have a duty to supplement their discovery responses.  The Court **OVERRULES** Defendants' Objection to the pattern charge.  Any inconsistencies due to the timing of the interrogatory response can be explained by witnesses or counsel at trial.

**B.  Defendants' Objection to Plaintiffs' Request to Charge No. 7**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**C.  Defendants' Objection to Plaintiffs' Request to Charge No. 13**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**D.  Defendants' Objection to Plaintiffs' Request to Charge No. 14**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**E.  Defendants' Objection to Plaintiffs' Request to Charge No. 15**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**F.  Defendants' Objection to Plaintiffs' Request to Charge No. 16**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### G.   Defendants' Objection to Plaintiffs' Request to Charge No. 17

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### H.   Defendants' Objection to Plaintiffs' Request to Charge No. 18

The Court reserves ruling on this Objection, as the parties agreed that they will not be able to ascertain if this requested charge is proper until trial. Defendants must reassert any objection they have to this requested charge at trial.

### I.   Defendants' Objection to Plaintiffs' Request to Charge No. 23

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### J.   Defendants' Objection to Plaintiffs' Request to Charge No. 24

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### K.   Defendants' Objection to Plaintiffs' Request to Charge No. 28

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### L.   Defendants' Objection to Plaintiffs' Request to Charge No. 29

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### M.   Defendants' Objection to Plaintiffs' Request to Charge No. 31

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**N.  Defendants' Objection to Plaintiffs' Request to Charge No. 32**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**O.  Defendants' Objection to Plaintiffs' Request to Charge No. 33**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**P.  Defendants' Objection to Plaintiffs' Request to Charge No. 34**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**Q.  Defendants' Objection to Plaintiffs' Request to Charge No. 35**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**R.  Defendants' Objection to Plaintiffs' Request to Charge No. 36**

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

**S.  Defendants' Objection to Plaintiffs' Request to Charge No. 37**

At the hearing, Plaintiffs agreed to combine Request to Charge No. 37 with Request to Charge No. 53, as charging both of these charges would be repetitive.  Plaintiffs represented that they will submit a revised charge that inserts those things contained in Request No. 37 that are not already in Request No. 53.  Defendants reserved the right to review the revised charge and

assert any objections at trial.  **Plaintiffs shall file this revised charge before the commencement of trial**.

### T.  Defendants' Objection to Plaintiffs' Request to Charge No. 38

Plaintiffs' Request to Charge No. 38 states, "I charge you that the law infers bodily pain and suffering from personal injury."  (Doc. 136, p. 39.)  Defendants object that this proposed charge is vague and that it will not assist the jury.  (Doc. 138, p. 5.)  This Objection is **SUSTAINED**.  This instruction would likely only confuse the jury, as the terms "personal injury" and "bodily pain" are not defined in Plaintiffs' instructions.  Furthermore, there is a danger that the jury would give too much weight to the proposed "inference" if charged in this manner.  Moreover, the issue of damages is sufficiently charged by Plaintiffs' Requests to Charge Nos. 51–54.

### U.  Defendants' Objection to Plaintiffs' Request to Charge No. 39

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### V.  Defendants' Objection to Plaintiffs' Request to Charge No. 40

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge based on Defendants' request for the Pattern Jury Instruction on preexisting injury.  (Doc. 133, p. 37.)

### W.  Defendants' Objection to Plaintiffs' Request to Charge No. 42

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### X.  Defendants' Objection to Plaintiffs' Request to Charge No. 45

This Objection is **OVERRULED IN PART**, as the parties have stipulated that Plaintiff was a business invitee of Defendants. However, the parties agreed at the hearing that the charge should be modified to read, in its entirety, "The parties have stipulated in this case that Mr. Hiatt was a business invitee of the Defendants."

### Y.  Defendants' Objection to Plaintiffs' Request to Charge Nos. 44, 46–49

The parties agreed at the hearing to revise their charges on premises liability and to submit to the Court a joint set of instructions on premises liability tailored to the facts of this case. Accordingly, the Court **OVERRULES AS MOOT** Defendants' Objections to Plaintiffs' Requested Charges Nos. 44, 46–49. **The parties are directed to file their joint proposed instructions on premises liability before the commencement of trial**.

### Z.  Defendants' Objection to Plaintiffs' Request to Charge No. 50

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### AA.    Defendants' Objection to Plaintiffs' Request to Charge No. 51

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

### BB.    Defendants' Objection to Plaintiffs' Request to Charge No. 52

This Objection is **SUSTAINED**, as Plaintiffs agreed at the hearing to withdraw this requested charge.

## III.    Plaintiffs' Objections to Defendants' Requests to Charge (Doc. 146)

The Court issues the following rulings on Plaintiffs' Objections to Defendants' Requests to Charge.

### A.  Plaintiffs' Objection to Defendants' Request to Charge Nos. 14–16

Plaintiffs' Objections to these charges are **OVERRULED AS MOOT**. Defendants' agreed at the hearing to withdraw this requested charge and include any requested charges on premises liability in the joint proposed premises liability charges discussed above.

**B.  Plaintiffs' Objection to Defendants' Request to Charge Nos. 18–19**

Plaintiffs' Objections to these charges are **OVERRULED AS MOOT**. The parties agreed at the hearing that they would submit revised joint charges on the issues of apportionment and contributory negligence. In so doing, the Plaintiffs do not waive their Objections to Defendants' Notices of Apportionment or waive any other Objection to apportionment of damages. **The parties are directed to file their joint charges on apportionment and contributory negligence before the commencement of trial.**

**C.  Plaintiffs' Objection to Defendants' Request to Charge No. 20**

The Court reserves ruling on this Objection, as the parties agreed that they will not be able to ascertain if this requested charge is proper until trial. Plaintiffs must reassert any Objection they have to this requested charge at trial.

**D.  Plaintiffs' Objection to Defendants' Request to Charge No. 21**

Defendants Request to Charge No. 21 is the Georgia Pattern Jury Instruction on imputed negligence. (Doc. 133, p. 23.) Plaintiffs object to this charge because it does not directly track the cited statute, O.C.G.A. § 51-2-1(a). This objection is **OVERRULED**. This proposed charge is an accurate statement of the law that will be more understandable to the jury than the statute.

**E.  Plaintiffs' Objection to Defendants' Request to Charge No. 22**

This Objection is **SUSTAINED** as Defendants agreed at the hearing to withdraw this requested charge.

**F. Plaintiffs' Objection to Defendants' Request to Charge No. 25[2]**

Defendants' Request to Charge No. 25 instructs on nominal damages. Plaintiffs object to this charge because Plaintiffs are requesting significant damages and Mr. Hiatt underwent substantial medical treatment. Though nominal damages do not appear to be at issue in this case at this time, the Court reserves ruling on this Objection until trial in order that the Court may have the benefit of the evidence.

**G. Plaintiffs' Objection to Defendants' Request to Charge No. 30**

This objection is **SUSTAINED** as Defendants agreed at the hearing to withdraw this requested charge because it is covered by Plaintiffs' Request to Charge No. 54.

**H. Plaintiffs' Objection to Defendants' Request to Charge No. 33**

This objection is **SUSTAINED** as Defendants agreed at the hearing to withdraw this requested charge because it is covered by Plaintiffs' Request to Charge No. 54.

**I. Plaintiffs' Objection to Defendants' Request to Charge No. 38**

Defendants Request to Charge No. 38 seeks an instruction on the issue of Mr. Hiatt's above mentioned 2009 criminal conviction that resulted from an Alford plea. (Doc. 133, p. 40.) The proposed instruction states that the voluntariness and intelligence of an Alford plea is judged by the same standards as a routine guilty plea. (Doc. 133, p. 40.) Plaintiffs object to this proposed instruction because the cases cited in support of the instruction do not involve the use of an Alford plea to impeach the credibility of a party in a civil case. (Doc. 146, p. 5.) This objection is **SUSTAINED**. As laid out above, Mr. Hiatt's convictions will be admissible. Moreover, the Plaintiffs have conceded that the conviction resulting from an Alford plea is no

---

[2] Plaintiffs' counsel stated at the hearing that they mistakenly labeled their objection as going to Defendants' Request to Charge No. 27. (Doc. 146, p. 4.) At the hearing, Plaintiffs' counsel clarified that Plaintiffs have no Objection to Request to Charge No. 27 and that the Objection should have been levied to Request to Charge No. 25.

different than any other conviction for impeachment purposes, and Plaintiffs have not contested the voluntariness or intelligence of Mr. Hiatt's <u>Alford</u> plea.

However, to instruct the jury on the <u>Alford</u> plea, the Court proposes to add the following language to second paragraph of Plaintiffs' Request to Charge No. 8, (doc. 136, p. 9): "When making this consideration, you may treat a conviction resulting from a plea entered pursuant to <u>Alford v. North Carolina</u>, (commonly called an 'Alford plea'), the same as any other criminal conviction."  If the parties have any Objection to this proposal by the Court, they must assert that Objection.

## IV.    Plaintiffs' Motion to Exclude Defendants' Notice of Apportionment (Doc. 143)

As laid out above, Plaintiffs originally filed this action against several Defendants.  In addition to Defendants Rebel Auction Company and Larry Davis, Plaintiffs named the fictional defendants John Does 1&2, and ABC Corporations 1&2, and later added additional defendants. (Docs. 1, 27.)  Plaintiffs alleged that, though they did not know the identity of John Does 1 & 2, "these Defendants may in some manner be responsible for the acts or omissions alleged herein, and that they may in some manner be liable to Plaintiffs for injuries and damages resulting from those acts or omissions."  (<u>Id.</u> at pp. 2–3.)  Specifically, Plaintiffs alleged that John Does 1 & 2 negligently operated the excavator and caused the excavator to strike Mr. Hiatt.  (<u>Id.</u> at pp. 15–17.)  As to ABC Corporations 1 & 2, Plaintiffs alleged that these unknown Defendants employed the individuals operating the excavator that struck Mr. Hiatt.  <u>Id.</u>  Plaintiffs reasserted these allegations against John Does 1 & 2 and ABC Corporations 1 & 2 in their Amended Complaint on June 20, 2013.  (Doc. 27.)  Defendant Virgil Miller was never served with the Complaint and Defendants John Does 1 & 2 and ABC Corporations 1 & 2 were never identified, much less served.

Plaintiffs stipulated to the dismissal of Defendants Kingstree Auction Company, LLC, and Alton E. Brown on May 30, 2014. (Docs. 88, 89.) The Court's June 2, 2014, Order approving the stipulation of dismissal stated "this action is hereby dismissed with prejudice as to Defendants Kingstree Auction Company, LLC, and Alton E. Brown, Jr., only, and this matter will proceed against Defendants Rebel Auction Company, Inc., and Larry Davis." (Doc. 89.)

On June 23, 2015, Defendants Rebel Auction Company and Larry Davis filed a Notice of Possible Negligent Non-Parties pursuant to O.C.G.A. § 51-12-33(b). (Doc. 130.)[3] Defendants noted the allegations made against the John Doe and ABC Corporation Defendants in Plaintiffs' Amended Complaint and stated that Plaintiffs might voluntarily dismiss these defendants. Id. Thus, Defendants filed the notice to preserve their right to argue that the John Does and ABC Corporations were at least partially responsible for Plaintiffs' damages. Id. Defendants explained that the "jury will be presented with an issue of who, if anyone, was operating the excavator and the testimony of all witnesses may be a denial that they operated the excavator at the time Robin Hiatt alleges he was struck. In such circumstances John Doe (1-2) and ABC Corporation (1-2) would be persons who the jury would have to consider as partially responsible parties." (Id. at p. 3.)

On July 13, 2015, Plaintiffs' filed a Motion to Exclude Defendants' Notice of Apportionment or, in the Alternative, to Dismiss the John Doe and ABC Corporation Defendants. (Doc. 143.) Plaintiffs argue that the fictional defendants were dismissed by the Court's June 2, 2014 Order. Id. Thus, Plaintiffs contend, the John Does and ABC Corporations became non-parties long ago, and Defendants were required to file their Notice of Apportionment at least120 days before trial under O.C.G.A. § 51-12-33(d)(1). (Doc. 143-1, pp.

_____

[3] Defendants also filed a Notice of Apportionment as to Alton Brown and Kingstree Auction on June 24, 2014. (Doc. 99.) However, Plaintiffs have no objection to that Notice.

2–3.) Plaintiffs point out that Defendants did not file their Notice of Apportionment of Fault until June 23, 2015, far less than 120 days before the August 18, 2015, trial date. In the alternative, if the fictional defendants were not dismissed by the June 2, 2014 Order, the Plaintiffs move to dismiss them now. (Id. at p. 3.) Plaintiffs concede that the filing requirement of O.C.G.A. §51-12-33 only applies to non-parties. Thus, if the fictional defendants are still parties to this case, Plaintiffs do not object to the timeliness of the Defendants' Notice. (Id. at p. 4.)[4]

In their response in opposition to Plaintiffs' Motion, Defendants maintain that the John Does and ABC Corporations have not been dismissed from the case. Defendants state that they filed the Notice of Apportionment because Plaintiffs indicated during preparations for the pretrial conference that the fictional defendants would not be a part of the case at trial. (Doc. 145, pp. 3–4.) Even if the John Does and ABC Corporations have been dismissed, Defendants argue that they did not need to file a Notice because "once a potential responsible party has been named as a Defendant in the case no further notice is required[.]"[5] (Id.)

Plaintiffs concede that, if the John Doe 1 & 2 and ABC Corporation 1 & 2 are still a party to this suit, Defendants had no obligation to file a Notice of Apportionment 120 days before trial.

---

[4] In their Motion to Exclude, the Plaintiffs do not contend that Defendants must provide notice of the exact identity of the John Doe and ABC Corporation Defendants to apportion fault to them. However, at the hearing, Plaintiffs somewhat disputed that Defendants could apportion fault to an unknown entity. To the extent that Plaintiffs advance such an argument, it is unavailing. Georgia courts have repeatedly held that a party need not prove the exact identity of a nonparty to apportion fault to that nonparty. See GFI Mgmt. Svcs., Inc. v. Medina, 733 S.E.2d 329 (2012) (unknown criminal assailants could be on verdict form for apportionment of fault); Double View Ventures, LLC v. Polite, 757 S.E.2d 172, 178 (Ga. App. 2014) (defendant need not prove identity of owner of adjacent service station to apportion fault to service station).

[5] Defendants represent that they filed the Notice of Apportionment out of an abundance of caution because they acknowledge that "there is no appellate court interpretation about whether a notice (of apportionment) is required when a party is dismissed from the case." (Doc.145, p. 4.) Given the Plaintiffs' concession that no notice is required if the John Does and ABC Corporations are still a party to the case and the Court's determination that they are still in the case, the Court need not address the issue of whether a remaining defendant has to provide a notice to apportion fault as to a dismissed defendant.

In arguing that the John Does and ABC Corporations are not a party, Plaintiffs solely focus on this Court's June 2, 2014 Order.[6]  However, that Order cannot provide a basis for dismissal of the John Does and ABC Corporations as it stated, "this action is hereby dismissed with prejudice as to Defendants Kingstree Auction Company, LLC, and Alton E. Brown, Jr., only."  (Doc. 89 (emphasis supplied).)  Thus, by its explicit terms, the Order only dismissed Kingstree Auction Company and Alton E. Brown.  While the Order went on to state "this matter will proceed against Defendants Rebel Auction Company, Inc., and Larry Davis", any implicit meaning that Plaintiffs subscribe to this phrase cannot override the explicit statement in the preceding sentence.  (Doc. 89.)

Therefore, John Doe 1 & 2 and ABC Corporation 1 & 2 were not dismissed by the Court's June 2, 2014, Order.  For this reason, Plaintiffs' Motion to Strike the Notice of Apportionment is **DENIED**.[7]

## CONCLUSION

For the reasons set forth at the hearing and laid out above, Defendants' Motion in Limine is **GRANTED IN PART AND DENIED IN PART**, Defendants' Objections to Plaintiffs' Request to Charge are **OVERRULED IN PART AND SUSTAINED IN PART**, Plaintiffs' Objections to Defendants' Requests to Charge are **OVERRULED IN PART AND**

---

[6]  At the beginning of the Motions hearing on December 17, 2014, the Court and the parties discussed removing John Does 1 & 2 as well as ABC Corporation 1 & 2 from the caption of the case.  (Dec. 17, 2014 hearing at 2:34:35-2:34:42.)  As a result of that conversation, the John Does and ABC Corporations, as well as Defendant Miller, were noted as terminated on the docket.  However, the parties never requested, and the Court never entered, a written Order of dismissal as to John Does 1 & 2, ABC Corporations 1 & 2., or Miller.  Further, Plaintiffs do not argue in their Motion to Strike the Notice of Apportionment that the Court dismissed those Defendants at the December 17, 2014 hearing.  Rather, Plaintiffs focus solely on the June 2, 2014 Order.  Thus, Plaintiffs have waived any argument that anything said or done at the December 17, 2014, hearing triggered Defendants' obligation to file a notice of apportionment.

[7]  The District Court Judge will rule upon Plaintiffs' Motion to Dismiss Defendants John Does 1 & 2 and ABC Corporations 1 & 2.  Additionally, Plaintiffs have reserved the right to argue against the merits of Defendants' apportionment defense at trial.  (Doc. 143-1, p. 4.)

**SUSTAINED IN PART**, and Plaintiffs' Motion to Exclude Defendants' Notice of Apportionment is **DENIED**. Because this case is set for trial on August 18, 2015, an expedited period for Objections is required. Consequently, any party seeking to object to any portion of this Order must file written objections on or before the close of business on **August 14, 2015**. Additionally, the parties are **DIRECTED** to file their revised joint jury instructions discussed above before the commencement of trial.

 **SO ORDERED**, this 13th day of August, 2015.

       _____
       R. STAN BAKER
       UNITED STATES MAGISTRATE JUDGE
       SOUTHERN DISTRICT OF GEORGIA